UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Robert Martin, | Case No. 3:19 CV 2188 |
| Plaintiff, | JUDGE JAMES G. CARR |
| v. | |
| Jane Doe, *et al.*, | <u>ORDER</u> |
| Defendants. | |

*Pro se* Plaintiff Robert Martin filed the above-captioned action against the Marion Correctional Institution ("MCI") Cashier Jane Doe, Institutional Inspector Kasey Plank, Institutional Inspector Ms. Lambert, Health Care Administrator Nurse Practitioner Aduse, Health Care Administrator Reece, Librarian John Doe, Warden Lyneal Wainwright, and Ohio Department of Rehabilitation and Correction ("ODRC") Assistant Chief Inspectors Kelly Riehle and Jane Doe. Plaintiff's Complaint consists entirely of a list of generalized grievances:(1) the prison is not providing him with free postage, envelopes, photocopying services, paper, pens, or in-house counsel; (2) the warden, librarian and institutional inspector refused to give him a copy of the American Corrections Association handbook; (3) inmates do not earn interest in their prison trust accounts;

(4) he is not provided with unimpeded access to the healthcare of his choice; (5) he is required to pay a copay for medical visits even though that statute authorizing the copay was enacted after he was convicted and incarcerated; (6) he was required to put money into a "going home fund;" (7) the cashier is allowing deductions of court filing fees from his state pay; (8) prison physicians have not "mapped" his legs to treat cardiovascular problems; (9) his prescription for Ultram was discontinued and he was prescribed Elavil in its place; (10) he has to purchase over-the-counter medications; and (11) inmate grievances are denied at a rate of 98% suggesting a violation of due process. He asserts claims for violation of his Fourth, Fifth, Eighth and Fourteenth Amendment rights. He seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is denied.

## 28 U.S.C. § 1915(g)

Pursuant to 28 U.S.C. § 1915(a), a Court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the Complaint. 28 U.S.C. § 1915(b). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id*. Moreover, absent imminent danger, the benefit of the installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).

In interpreting the "three strike" language of this section, the United States Court of Appeals

for the Sixth Circuit has held that "where a Complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007). Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act ("PLRA") also are counted toward the "three strikes referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

As the language of 28 U.S.C. § 1915(g) indicates, the "three strike" provision will not apply if a "prisoner is under imminent danger of serious physical injury." For purposes of interpreting the statute, the Court considers whether Plaintiff is in imminent danger at the time of the filing of the Complaint. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ( "[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the Complaint's filing."). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Moreover, the imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver*, 416 F. App'x at 562; *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (suggesting courts should focus solely on the facts alleged in the Complaint when deciding whether a prisoner faces imminent danger).

**Discussion**

Plaintiff is a prisoner who has filed at least twenty-one prior cases, while incarcerated, that were dismissed under 28 U.S.C. § 1915(e) or 28 U.S.C. § 1915A. *See, e.g., Martin v. Grandson*,

No. 1:18 CV 2383 (N.D. Ohio Dec. 21, 2018)(Boyko, J.); *Martin v. Warden*, No. 1:18 CV 376 (N.D. Ohio May 21, 2018); *Martin v. Ramey,* 1:17 CV 2195 (N.D. Ohio Mar. 8, 2018)(Boyko, J.); *Martin v. Zilka*, No. 3:17 CV 124 (N.D. Ohio Feb. 6, 2017)(Zouhary, J.); *Martin v. Skory,* 1:16 CV 504 (N.D. Ohio Mar. 28, 2016)(Boyko, J.); *Martin v. Mohr,* 1:16 CV 382 (N.D. Ohio Feb. 24, 2016)(Polster, J.); *Martin v. John Does*, No. 1:16 CV 383 (N.D. Ohio Apr. 8, 2016)(Polster, J.); *Martin v. PNC Wealth Management*, No. 1:15 CV 820 (N.D. Ohio June 26, 2015)(Nugent, J.); *Martin v. Hawkins*, No. 5:04 CV 2387 (N.D. Ohio Feb. 28, 2005)(Gwin, J.); *Martin v. Wayne County National Bank Trust and Investment*, No. 5:03 CV 1211 (N.D. Ohio Aug. 12, 2003)(Gaughan, J.); *Martin v. Rogers*, No. 3:95 CV 7101 (N.D. Ohio Mar. 29, 1995)(Katz, J.); *Martin v. Sobie*, No. 5:91 CV 511 (N.D. Ohio Apr. 11, 1991); *Martin v. Hill*, No. 1:91 CV 39 (N.D. Ohio Jan. 22, 1991)(Manos, J.); *Martin v. Wilson*, No. 1:91 CV 23 (N.D. Ohio Jan. 11, 1991)(Aldrich, J.); *Martin v. Cook*, No. 1:90 CV 1866 (N.D. Ohio Oct. 30, 1990)(Aldrich, J.); *Martin v. Boggs*, No. 1:90 CV 1767 (N.D. Ohio Oct. 31, 1990)(Batchelder, J.); *Martin v. Welch*, No. 2:10 CV 736 (S.D. Ohio Jan. 20, 2011)(Graham, J.); *Martin v. Lowery*, No. 2:04 CV 704 (S.D. Ohio Jan. 26, 2005)(Marbley, J.); *Martin v. Ohio Supreme Court*, No. 2:04 CV 613 (S.D. Ohio Nov. 5, 2004)(Sargus, J.); *Martin v. Coval*, No. 2:99 CV 703 (S.D. Ohio Nov. 9, 1999)(Smith, J.); *Martin v. Bustamonte*, No. 2:94 CV 1198 (S.D. Ohio Dec. 12, 1994). In addition, Plaintiff was denied *in forma pauperis* ("IFP") status under § 1915(g) in at least nine other cases. *See Martin v. PNC Wealth Management*, No. 1:15 CV 820 (N.D. Ohio June 26, 2015)(Nugent, J.)(denied IFP on appeal); *Martin v. Welch*, No. 3:10 CV 1826 (N.D. Ohio Nov. 10, 2010)(Zouhary, J.); *Martin v. Bureau of Medical Services*, No. 2:16 CV 451 (S.D. Ohio Aug. 4, 2016)(Watson, J.)(report and recommendation issued denying IFP); *Martin v. ODRC*, No. 2:15 CV 2888 (S.D. Ohio May 5,

2016)(Sargus, J.); *Martin v. ODRC*, No. 2:15 CV 2872 (S.D. Ohio Jan. 20, 2016)(Frost, J.); *Martin v. HFC*, No. 2:15 CV 2435 (S.D. Ohio Dec. 1, 2015)(Smith, J.); *Martin v. Aramark Food Corp.*, No. 2:15 CV 1112 (S.D. Ohio Sept. 3, 2015)(Frost, J.); *Martin v. Harlan*, No. 2:14 CV 1553 (S.D. Ohio Jan. 22, 2016)(Frost, J.); *Martin v. HCA-Rouse*, No. 2:14 CV 46 (S.D. Ohio Dec. 3, 2014)(Smith, J.). The "three strike" provision of § 1915(g) will apply to bar Plaintiff from proceeding *in forma pauperis* unless Plaintiff's Complaint suggests he was in imminent danger at the time he filed this action.

Plaintiff's Complaint, however, does not fall within the parameters of this exception. He generally challenges prison financial accounting and fee collection procedures, the refusal to give him a copy of a handbook, and the denial of specific medications and testing he wants for conditions he does not describe. He does not allege facts suggesting that either the medication or the testing is medically necessary or that the care he is receiving is in any way inadequate. The Complaint does not suggest he is in imminent danger of physical harm.

**Conclusion**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is denied and this case is dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[1] If Plaintiff wishes to proceed with this action, he must pay the full filing fee of $400.00 within thirty days, and must file a Motion to Re-Open the case. The Motion will not be accepted if it is not accompanied by the full filing fee.

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

No other documents will be accepted for filing in this case unless the entire filing fee is paid, and the Motion to Re-Open has been granted.

IT IS SO ORDERED.

                                                 /s/ James G. Carr
                                                 Sr. U.S. District Judge